■ MARTHA A. STARK, as Executrix of HARRY STARK, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 52086.) — Appeal from a judgment in favor of claimants, entered October 26, 1973, upon a decision of the Court of Claims. Claimants were the owners of 45.139 acres of land fronting on Old Country Road at Riverhead, New York. On May 10, 1967, they contracted to sell the entire tract for $10,000 per acre for a total purchase price of $451,390. Prior to consummation of the contract, and on March 28, 1969, the State acquired 18.903 acres for the construction of the Long Island Expressway. On June 10, 1970 claimants entered into a modification agreement with the original purchasers, providing for the transfer of all remaining acreage, less a 3.8 acre parcel that was landlocked as a result of the appropriation, at the same $10,000 price per acre. It is uncontradicted that, at the time of the execution of the original contract of sale, neither party was aware of any proposed acquisition by the State. After a trial of the claim, the court rejected the comparable sales evidence of each appraiser as to value and based its award upon the sale of the subject property itself, adjusting the contract price upward 10% per year from the date of the original contract to the date of the taking. It is well established that the price placed upon subject property by willing and knowledgeable sellers and buyers in a normal arm's length transaction, not explained away as abnormal in any fashion, is the best and most substantial evidence of market value (*Holland* v. *State of New York*, 39 A D 2d 997; *Day* v. *State of New York*, 39 A D 2d 821). It is conclusively established, upon this record, that the claimants were obligated to accept the sum of $10,000 per acre, which also establishes the market value of the property *on the date of the appropriation*. Any increase in market value would only be a windfall resulting solely from the act of appropriation. The judgment should be modified by reducing the before value to $451,390 and the after value to $223,550 for the unaffected remainder area of 22.355 acres plus $4,851 for the landlocked remainder for a total after value of $228,401 and total damages of $222,989 of which $189,030 represents direct damages and $33,959 represents severance damage to the landlocked remainder. Judgment

modified, on the law and the facts, by reducing the award to $222,989, plus interest, and, as so modified, affirmed, without costs.  Herlihy, P. J., Staley, Jr., Kane, Main and Reynolds, JJ., concur.